UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SAGE SOWELS, | § § § § | CIVIL ACTION NO. |
| Plaintiff, | § § § § | _____ |
| VS. | § § | |
| Mentoring Alliance, | § § § | |
| Defendant. | § § § § § § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Sage Sowels, hereinafter called "Plaintiff" or "Sowels," by and through the undersigned attorney, complaining of and about Mentoring Alliance ("Mentoring Alliance" or "Defendant"), and for causes of action shown unto the Court the following:

**PRELIMINARY STATEMENT**

1. The Plaintiff, Sage Sowels, brings this action against the Defendant, for violations of Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e).

2. At the time of the discrimination, Sowels was employed with Mentoring Alliance, as a Marketing Specialist.

## JURISDICTION

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that it is a civil action arising under Title VII. This action further arises under the U.S. Constitution, laws, or treaties of the United States. This Court has supplemental jurisdiction over any state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice(s) were committed in the Eastern District of Texas-Tyler Division, the relevant employment records are maintained in this district, and the aggrieved person would have worked in this district but for the alleged unlawful employment practice. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the asserted claims occurred. Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

## CONDITIONS PRECEDENT

5. On March 14, 2024, Ms. Sowels timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (the "Commission") on the basis of sex and pregnancy discrimination. Ms. Sowels's charge of discrimination provided enough information to trigger the EEOC's investigatory and conciliatory procedures into sex and pregnancy discrimination. An EEOC investigation ensued thereafter.

6. The Commission issued Ms. Sowels a right to sue letter ("RTS") affording her up to 90 days to file suit in U.S. District Court against the Respondent. The RTS letter was dated July 16, 2024, but Sowels did not receive the letter until sometime after that date. Ms. Sowels's lawsuit was filed within the requisite time period.

7. Ms. Sowels has complied with all conditions precedent to raising the claim(s) set forth in this matter.

8. Sowels adequately exhausted her administrative remedies prior to filing this lawsuit.

9. Sowels has mitigated her damages to at least the extent required by law.

## PARTIES & SERVICE

10. **Plaintiff Sage Sowels** is an individual who resides in Smith County, Texas. Plaintiff is a citizen of Texas. Plaintiff may be contacted by her undersigned attorney. Sowels was an employee, as defined by Title VII.

11. **Defendant Mentoring Alliance** is a non-profit corporation with a principal place of business located at **1909 S. Broadway Ave., Tyler, Texas  75701**. **Defendant Mentoring Alliance** may be served by serving **Kevin East, Individually,** its Registered Agent authorized to accept service at **504 West 32nd Street, Tyler, Texas  75702.**

## FACTS

12. Mentoring Alliance employed 15 or more employees for 20 or more calendar workweeks in either the current or preceding calendar years.

13. Sage Sowels began her employment on September 5, 2023, with Mentoring Alliance in Tyler, Texas.  Ms. Sowels was employed as a Marketing Specialist.  As a Marketing Specialist, her job duties included the following:

(a) Proofreading and editing copy in promotional materials such as brochures, annual reports and advertisements;

(b) Social media posting and scheduling;

(c) Brainstorming social media campaigns for after-school, mentoring, and summer camp programs;

(d) Ghost writing for executive directors for marketing emails;

(e) Track analytics on social media platforms.

14. Ms. Sowels' direct supervisor was Brittany Sartain.  Chia Pierson was the Vice President of People & Culture. On or about November 7, 2023, Ms. Sowels informed Ms. Sartain that she was pregnant.  While Ms. Sowels told Ms. Sartain to keep this information private, Sartain revealed it anyway.  Ms. Sartain revealed this information to Ms. Pierson.

15. On or about November 13, 2023, Chia Person informed Ms. Sowels that she was notified about Ms. Sowels' pregnancy.  In a letter dated November 13, 2023, Ms. Pierson notified Ms. Sowels of her decision to place her "on an administrative leave of absence, with pay, pending the outcome of an investigation into perceived policy violation(s) and alleged misconduct."

16. Mentoring Alliance maintained an illegal policy entitled "Marriage, Gender, and Sexuality Policy" that required employees to "*avoid any pattern of addiction and abstaining from premarital, extramarital, transgender, and homosexual sexual conduct.  Cohabitation with a romantic interest is not permitted outside of marriage. Employees… are also asked to …*

*abstain from all intimate sexual conduct outside of the marital union of one man and one woman.*"

17. On November 17, 2023, Ms. Sartain issued a disciplinary notice to Ms. Sowels. This notice stated, in part, the following:

- "On Tuesday, November 7, 2023, Brittany Sartain reported that Sage Sowels had disclosed to her that she was pregnant and that the baby was due in April. Sage Sowels was unmarried. Mentoring Alliance alleged that Ms. Sowels intentionally withheld/omitted this information during the hiring process, signed the handbook that stated it was against the policy, deliberately did not intend to disclose this information until she was further along in her pregnancy, and stated that she was willing to debate the policy."

- "On Friday, November 10, 2023, Ms. Sartain called Sage to confront her with this information again. Throughout that conversation, Ms. Sartain perceived that Ms. Sowels did not understand that it was not about her being pregnant and unmarried but about her lying through omission in the hiring process. This omission would have adversely affected her chance of being hired since this conduct is not consistent with the lifestyle and standard of conduct of Mentoring Alliance employees."

18. On November 17, 2023, Chia Pierson notified Ms. Sowels that her employment with Mentoring Alliance would be terminated effective immediately. Ms. Pierson stated that the reason for termination was "due to the omission of material facts during the hiring process that would have adversely affected your chances of being hired." Ultimately, the decision to terminate Ms. Sowels was based on her sex and pregnancy.

At no time during her employment did Ms. Sowels serve as a minister or messenger of any type of religious doctrine. Ms. Sowels did not play an important role as an instrument of any religious message of Mentoring Alliance, nor did she lead any worship activities for Mentoring Alliance. Ms. Sowels did not perform any religious function for Mentoring Alliance.

19. Ms. Sowels has suffered tremendously due to Mentoring Alliance's failure to comply with Title VII and the Pregnancy Discrimination Act.

## COUNTS ONE AND TWO

### Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.) as Amended by the Pregnancy Discrimination Act of 1978

20. Sowels repeats and re-alleges paragraphs 1 through 19 hereof, as if fully set forth herein.

21. Sowels was a female employee of Mentoring Alliance who disclosed her pregnancy to her supervisor, Brittany Sartain. At the time, Ms. Sowels was not married.

22. Ms. Sowels was not legally required to disclose her pregnancy at any stage of her employment. Ms. Sowels was qualified to do her job as a Marketing Specialist.

23. Mentoring Alliance has an illegal policy related to marriage, gender, and sexuality. Similar to Ms. Sowels, Mentoring Alliance employed another female who is a single mother. Unlike Ms. Sowels, Mentoring Alliance did not terminate the employment of the other single mother. In other words, Mentoring Alliance stands in contradiction in how it applies its policies to its employees.

24. Mentoring Alliance terminated Ms. Sowels because of her sex and pregnancy.

25. Ms. Sowels suffered damages as a result of Mentoring Alliance's unlawful actions, including emotional distress, past and future lost wages and benefits, attorney fees, and the costs of bringing this action.

26. The defendant intentionally violated Sowels's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT THREE
## Wrongful Discharge

27. Sowels repeats and re-alleges paragraphs 1 through 26 hereof, as if fully set forth herein.

28. Ms. Sowels was pregnant during her employment with Mentoring Alliance. Even with her condition, Ms. Sowels was qualified for the position of Marketing Specialist and made every effort to perform her job to the best of her ability.

29. Ms. Sowels was subjected to adverse employment actions due to sex and pregnancy.

30. The termination letter dated November 17, 2023 provided the reason for Ms. Sowels' termination was "due to the omission of material facts during the hiring process that would have adversely affected your chances of being hired."

31. The reason provided was pretext and simply not true.  Ms. Sowels was terminated due to her sex and pregnancy.

32.     Defendant, Mentoring Alliance, by and through their employees and agents, individually and in concert with each other, wrongfully discharged and otherwise discriminated against Ms. Sowels in violation of Title VII Civil Rights Act of 1964, as amended, which is an exception to the employment at will doctrine in Texas.

## COUNT FOUR

### Cat' Paw Liability

33.     Ms. Sowels repeats and re-alleges paragraphs 1 through 32 hereof, as if fully set forth herein.

34.     Ms. Sowels did not want Sartain to disclose her pregnancy outside of their conversation. On information and belief, Sartain desired to disclose Ms. Sowels pregnancy against her wishes, so she pressured Ms. Sowels and stated that "we needed to do something." Sartain gave Ms. Sowels three options: "1) Ms. Sowels could speak directly to Mark; 2) Sartain could speak with Chia for her or go to Mark; and 3) Mark may send us to Chia or go to her himself."

35.     Sartain's actions influenced the decisionmaker, Chia Pierson, to take adverse employment action against Ms. Sowels

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages, seniority, and benefits, plus interest as a result of the violations;

C. Award Plaintiff back pay and front pay damages (including benefits);

D. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action.  Such fees may be awarded under Title VII, the Back Pay Act, 42 USC § 1988--- or if under none of those----the Equal Access to Justice Act.;

E. Award to Plaintiff compensatory damages;

F. Award to Plaintiff punitive damages;

G. Equitable relief, such as a declaration that Defendant violated Title VII;

Mentoring Alliance.   An injunction prohibiting the Defendant from further violating the law against Plaintiff;

I.  An order requiring the Defendant to regularly report to the Court on future efforts to reduce the likelihood of others suffering such violations; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: 12 OCT 2024
Arlington, Texas

Respectfully submitted,

By:      /s/ Lantis G. Roberts
Lantis G. Roberts
Texas Bar No. 24057463
E-Mail:  Lantis@kreativelaw.com
**THE LAW OFFICE OF LANTIS G. ROBERTS, PLLC**
1166 West Pioneer Parkway
Arlington, TX 76013
Tel. (817) 768-1819
Fax. (817) 704-4529
**Attorney for Sage Sowels**